# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0414
Lower Tribunal No. 22-2557-CA-01
_____


**Kevin Wagner, et al.,**
Appellants,

vs.

**The Nielsen (US) Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Gonya Law, and Patrick E. Gonya, Jr., for appellants.

Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellee.


Before LINDSEY, LOBREE, and GOODEN, JJ.

LINDSEY, J.

Appellants, Kevin Wagner ("Wagner") and Urban Radio Communications, LLC ("Urban Radio") appeal the trial court's final summary judgment finding Wagner and Urban Radio liable for fraudulent transfer and civil conspiracy, as alleged by Appellee, The Nielsen Company (US), LLC ("Nielsen"). We reverse.

Urban Radio is a radio broadcasting company with several wholly owned subsidiaries. These subsidiaries include Urban Radio Broadcasting, LLC, Golden Triangle Radio, LLC, and Glass City Radio, LLC. While Urban Radio is the parent company of these subsidiaries, Urban Radio Broadcasting appears to act as the nucleus of these radio ventures. Urban Radio Broadcasting is designed to serve as the operating company for Urban Radio and its subsidiaries.

The extent of Urban Radio Broadcasting's operational capabilities, especially in relation to Wagner, Golden Triangle Radio, and Glass City Radio, is unclear. For example, Wagner has an employment contract with Urban Radio to serve as its CEO and President and manage all of Urban Radio's subsidiaries. Indeed, Wagner's contract with Urban Radio states that Urban Radio would compensate Wagner in consideration for his services. But Urban Radio Broadcasting—and not Urban Radio—is the only company on the record who regularly paid Wagner an alleged salary and

2

bonus from April 2020 to December 2022 and issued Wagner a W-2 for each of those years.

Additionally, Urban Radio Broadcasting has an agreement with Glass City Radio and Golden Triangle Radio where Glass City Radio and Golden Triangle Radio pay an annual $400,000.00 in management fees to Urban Radio Broadcasting for its services as an operating company. But of the $1.5 million in management fees owed to Urban Radio Broadcasting, Glass City Radio and Golden Triangle Radio have paid less than half. Urban Radio Broadcasting has never pursued any action to collect these fees, despite its alleged insolvency. And when these advertisers operated on Urban Radio Broadcasting's stations, the advertisers did not pay Urban Radio Broadcasting, but instead were directed to pay Glass City Radio and Golden Triangle Radio.

Nielsen is a creditor of Urban Radio Broadcasting. In February 2022, Nielsen domesticated an Illinois judgment, obtained in August 2021 against Urban Radio Broadcasting for $79,368.08. Over a year later, Nielsen filed a Third-Party Complaint against Wagner and Urban Radio. Nielsen sued Wagner for a reasonably equivalent value claim under Florida's Uniform Fraudulent Transfer Act ("FUFTA"), Section 726.106(1), Florida Statutes (2023), and sued Wagner and Urban Radio for civil conspiracy.

3

Nielsen alleged that Wagner was liable under FUFTA by receiving discretionary "distributions" from Urban Radio Broadcasting. Specifically, because the employment agreement promises Urban Radio would pay Wagner for managing Urban Radio and its wholly owned subsidiaries, Nielsen alleges that Wagner did not provide Urban Radio Broadcasting anything of reasonably equivalent value to the distributions or salary Urban Radio Broadcasting paid from 2020 to 2022. Nielsen also alleges that Urban Radio and Wagner conspired to divert revenue away from Urban Radio Broadcasting, to prevent paying its judgment debt to Neilsen. Nielsen alleges Urban Radio and Wagner agreed to direct advertisers on Urban Radio Broadcasting's operated stations to pay fees to Glass City Radio and Golden Triangle Radio only. Consequently, Nielsen alleges Urban Radio and Wagner directed Glass City Radio and Golden Triangle Radio in a conspiracy to withhold paying management fees owed to Urban Radio Broadcasting to keep the company insolvent.

Nielsen later filed a motion for summary judgment as to both counts. Wagner and Urban Radio responded and attached Wagner's sworn declaration. In this declaration, Wagner asserts that Urban Radio Broadcasting, as the operating nucleus of Urban Radio and its subsidiaries, has only distributed to Wagner his salary and bonus as he is entitled to under

4

the employment agreement. To support this statement, Wagner attached a myriad of authenticated documents showing regular biweekly payments to Wagner. These documents include the employment agreement, a summary of payments made to Wagner from April 2020 to December 2022, payroll checks intended to corroborate that summary, Urban Radio Broadcasting's Employee Earnings Record on Wagner, and Wagner's W-2 statements issued by Urban Radio Broadcasting from 2020 to 2022.

The trial court held a hearing on Nielsen's motion and granted summary judgment for Nielsen. The trial court then entered its final summary judgment against Urban Radio and Wagner, holding them jointly and severally liable on both counts for a total sum of $99,520.30. Urban Radio and Wagner timely moved for rehearing, which the trial court denied. Urban Radio and Wagner timely filed a notice of appeal.[1]

---

[1] Nielsen also made a third claim for piercing the corporate veil. Because the trial court entered its Final Summary Judgment on FUFTA and civil conspiracy claims only, we would generally hold that this is not a final order and in turn, dismiss this appeal for lack of jurisdiction. See Irizarry v. State, 390 So. 3d 201, 204 (Fla. 3d DCA 2024) ("Because the challenged order does not end judicial labor in the case and is not appealable as one of the listed non-final orders, we lack appellate jurisdiction . . . ."). But "[p]iercing the corporate veil is not itself a cause of action. Rather it is legal doctrine applied to hold a corporation's shareholders liable for the corporation's debts." Wurtzebach v. Flooring Depot FTL, Inc., 384 So. 3d 251, 255 (Fla. 4th DCA 2024) (citation omitted). As such, the trial court's Final Summary Judgment ends the judicial labor in this case and constitutes a final order because it dispenses with the only two substantive causes of action here:

5

"'The standard of review on orders granting final summary judgment is de novo.'" Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) (quoting Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019)).  Our summary judgment standard is now "construed and applied in accordance with the federal summary judgment standard." Fla. R. Civ. P. 1.510(a).

"Summary judgment is appropriate where the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Ibarra, 350 So. 3d at 467 (quoting Fla. R. Civ. P. 1.510(a)).  "Once that initial burden is met, the nonmoving party must show through counterevidence a genuine dispute of material fact." Sanz v. Herrera, 421 So. 3d 497, 498 (Fla. 3d DCA 2025) (citing Betancourt v. Citizens Prop. Ins. Corp., 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025)).  "In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor." Katha, LLC v. SHEDDF3-AE, LLC, 394 So. 3d 707, 708 (Fla. 3d DCA 2024).

---

the FUFTA claim and the civil conspiracy claim.  We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

6

"Genuine disputes are those in which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Ibarra, 350 So. 3d at 467 (quoting In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 194 (Fla. 2020)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id.

Genuine disputes of material fact remain in determining whether Wagner and Urban Radio are liable under both claims. On Nielsen's FUFTA claim against Wagner, a genuine dispute exists as to whether Urban Radio Broadcasting disbursed Wagner's salary and bonus under an employment agreement, or Urban Radio Broadcasting simply paid Wagner without Wagner exchanging anything of reasonably equivalent value. On Nielsen's civil conspiracy claim, Nielsen failed to establish no genuine dispute of material fact exists as to whether Urban Radio and Wagner, an Urban Radio shareholder and CEO, agreed to commit tortious conduct in furtherance of their distinct and separate interests in a conspiracy. Thus, we reverse the trial court's decision, and remand for further proceedings.

Reversed and remanded.